UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mark Steven Heilman, as trustee
for the next of kin of Tyler Mark Heilman,

          Plaintiff,

vs.

Todd Waldron, individually, and in his
official capacity as an Investigator for the Le
Sueur County Sheriff's Department, and; Le
Sueur County Sheriff's Department,

          Defendants.

Civil No. 11-CV-01930 JRT/SER

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST FOR PRIVILEGED MEDICAL AND PSYCHIATRIC RECORDS OF DEFENDANT INVESTIGATOR WALDRON

---

## INTRODUCTION

This is a § 1983 action arising from LeSueur County Sheriff's Investigator Todd Waldron's use of deadly force on Decedent Tyler Heilman (hereinafter "Decedent"). Plaintiff Mark Heilman, as trustee for Decedent's next of kin, filed this lawsuit asserting excessive force under § 1983, punitive damages, and tort claims of assault and battery against Investigator Waldron. Plaintiff also asserted a *Monell* claim and vicarious liability for the tort claims against LeSueur County. Defendants oppose Plaintiff's request for Investigator Waldron's privileged medical and psychiatric records.

# FACTS

**Discovery Requests and Responses**

On November 25, 2011, Plaintiff requested disclosure of Investigator Waldron's medical records for the last 5 years:

> **Interrogatory No. 17.** Defendant Todd Waldron, identify by name and address all medical doctors, clinics and/or hospitals where you have received treatment of any kind during the past 5 years and for each such medical provider identified provide a the date s) [sic] of service and describe the reason you sought treatment.

*Affidavit of Stephanie Angolkar, Ex. 1: Answers to Set I and* ¶ 2. Defendants provided the following objection and response:

> **Answer:** Defendant Investigator Todd Waldron responds as follows: Objection; this Interrogatory calls for an officer's private data under Minn. Stat. § 13.43. Objection; this Interrogatory calls for irrelevant and inadmissible information. Objection; this Interrogatory calls for information protected by physician-patient privilege and/or therapist-patient privilege. Without waiving objections, Dr. Kevin Hardesty for back and neck injuries, St. Peter Clinic, (952) 931-2100.

*Id.* During the Minnesota Bureau of Criminal Apprehension's (BCA) investigation, the BCA obtained a release to obtain Investigator Waldron's chiropractic records within three weeks after the incident. *Aff. Angolkar, Ex. 2: Release.* The records were part of the BCA investigation file and were produced to Plaintiff as part of the complete investigation file. *Aff. Angolkar,* ¶ 5.

On February 21, 2012, Plaintiff requested disclosure of Investigator Waldron's medical and psychiatric information for the last 10 years:

> **Interrogatory No. 23.** Defendant Todd Waldron, identify by name and address all medical providers, clinics, psychiatrist, psychologists, counselors, and/or therapists of any kind from whom you have received

treatment during the past 10 years and for each such medical provider identified provide the dates of service and describe the reason you sought treatment.

*Aff. Angolkar, Ex. 3: Answers to Set II and ¶ 6.* Defendants provided the following

Answer:

> **Answer:** Defendant Investigator Todd Waldron responds as follows: Objection; this Interrogatory calls for an officer's private data under Minn. Stat. § 13.43. Objection; this Interrogatory calls for irrelevant and inadmissible information. Investigator Waldron has not placed his medical or psychiatric history at issue. Objection; this Interrogatory calls for information protected by physician-patient privilege and/or therapist-patient privilege. Without waiving objection, see Answer to Interrogatory No. 18 and previously produced records obtained by the BCA.

*Id.* Plaintiff also sought authorizations to obtain records from the providers:

> **Request No. 19.** Signed authorizations to examine Defendant Todd Waldron's medical, psychological, counseling, and therapeutic records, including records pertaining to treatment for substance abuse, for all providers listed in response to Plaintiff's Interrogatories No. 17 and 23. Forms are provided.

*Aff. Angolkar, Ex. 4: Response to Request for Production of Documents.* Defendants provided the following Response:

> **Response:** Defendant Investigator Todd Waldron responds as follows: Objection; this Interrogatory calls for an officer's private data under Minn. Stat. § 13.43. Objection; this Interrogatory calls for irrelevant and inadmissible information. Investigator Waldron has not placed his medical or psychiatric history at issue. Objection; this Interrogatory calls for information protected by physician-patient privilege and/or therapist-patient privilege. Without waiving objection, see previously produced records obtained by the BCA.

*Id.*

**Procedural History of this Issue**

On March 23, 2012, Attorney Behrenbrinker contacted Attorney Angolkar regarding the request for Investigator Waldron's medical and psychiatric records. *Aff. Angolkar*, ¶ 9. He requested scheduling a telephone conference with Magistrate Rau to discuss the dispute. *Aff. Angolkar*, ¶ 10. The pretrial order requires parties to both consent to informal resolution of discovery disputes. *Doc. 10, n. 1.* Attorney Angolkar specifically advised Attorney Behrenbrinker Defendants would not agree to informal resolution of the matter. *Aff. Angolkar*, ¶ 11. Attorney Behrenbrinker threatened to seek costs for filing a formal motion. *Aff. Angolkar*, ¶ 12. Attorney Angolkar pointed out Defendants were not seeking costs for their Motion to Compel Discovery but remained firm Defendants did not consent to informal resolution. *Aff. Angolkar*, ¶ 13. Attorney Behrenbrinker scheduled a telephone conference with Magistrate Rau for Monday, March 26, 2012. *Aff. Angolkar*, ¶ 15.

During the March 26, 2012 telephone conference, Attorney Jason Hiveley notified the court Defendants did not agree to informal resolution of the dispute. *Affidavit of Jason Hiveley*, ¶¶ 2-3. The parties subsequently agreed to submit letter briefs setting forth their respective positions. *Aff. Hiveley*, ¶ 4. The court determined additional briefing was necessary. *Doc. 26.*

Although this is Plaintiff's Motion to Compel, the court has instructed the parties to simultaneously file their motion papers. Accordingly, Defendants respectfully request the opportunity to submit a supplemental response to Plaintiff's motion if it raises new arguments and factual support not found in his letter brief.

# ARGUMENT

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information Plaintiff seeks is irrelevant and protected by physician-patient privilege and psychotherapist-patient privilege.

## I. INVESTIGATOR WALDRON'S MEDICAL AND PSYCHOLOGICAL RECORDS ARE IRRELEVANT

In light of Defendants' Motion to Compel Discovery for Decedent's medical and psychological records, it may at first glance appear reasonable for Investigator Waldron to similarly produce such records. There is a critical distinction, however. <u>Investigator Waldron has not placed his medical or psychological history at issue in this case</u>. In contrast, Decedent's medical and psychological history is relevant to the calculation of damages. *See Order (Doc. 27) at 3-4.* Investigator Waldron has not asserted a counterclaim for injuries, nor has he asserted some medical or psychological condition caused him to use deadly force. *See Emerson v. Wetherill*, No. 9204082, 1994 WL 37747, *1 (E.D. Pa. Feb. 2, 1994) (rejecting plaintiff's argument that since she produced her medical records, police officer defendant should have to produce his records and stating, "Unlike plaintiff, defendant has not put his physical and mental condition at issue by filing a lawsuit for damages."). It is well established a defendant's medical and psychological records are irrelevant when his medical and psychological history have not been placed at issue. *Ulrich v. City of Crosby*, 848 F.Supp. 861, 878-79 (D. Minn. 1994); *Muller v. Rogers*, 534 N.W.2d 724, 726-27 (Minn. Ct. App. 1995).

Plaintiff asserts Investigator Waldron's medical and psychological history is relevant because some of Decedent's friends have a different version of facts than Investigator Waldron. Plaintiff selectively ignores testimony favorable to Investigator Waldron's account of being choked. He does not need medical records to prove he was choked. Other witnesses agree Decedent was choking Investigator Waldron.

If an officer's medical and psychological history is placed at issue solely because a plaintiff disputes an officer's version of facts, the physician-patient relationship will be significantly impaired. Courts evaluating this very issue have expressed concern about invading a defendant's privacy and impairing the physician-patient relationship simply by naming the individual in a lawsuit. *Ulrich*, 848 F.Supp. at 879; *Muller*, 534 N.W.2d at 726-27. "A police officer's mental health is not placed in issue solely by virtue of allegations of excessive force."[1] *Unger v. Cohen*, 125 F.R.D. 67, 71 (S.D. N.Y. 1989); *see also Morales v. Town of Glastonbury*, No. 3:09CV713, 2011 WL 3490080, *4 (D. Conn. Aug. 10, 2011) (determining officer's psychological records irrelevant to allegations in complaint even with failure to properly screen claim).

At issue in this case is whether Investigator Waldron's use of deadly force in response to a significant threat of deadly force or physical injury to himself was reasonable and therefore not a constitutional violation. *Gardner v. Buerger*, 82 F.3d 248, 252 (8th Cir. 1996). The jury will ultimately determine whether Waldron reasonably

---

[1] An officer's medical history could be placed at issue in a case regarding an officer's disability claim. *See Grosso v. Town of Clarkstown*, No. 94-Civ-7722, 1998 WL 566814 (S.D. N.Y. Sept. 3, 1998) (officers claiming disability asserted release of records violated right to privacy). But this is not the case at hand.

believed being choked by Decedent was a significant threat of deadly force or physical injury to himself justifying the use of deadly force. That inquiry does not involve Waldron's medical or psychological history.

## II. INVESTIGATOR WALDRON'S MEDICAL AND PSYCHOLOGICAL RECORDS ARE PRIVILEGED

### A. Psychotherapist-Patient Privilege

The United States Supreme Court established recognition of psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1 (1996). Like this case, in *Jaffee*, survivors of a man fatally shot by a police officer sued the officer and village alleging excessive force in violation of the decedent's constitutional rights. The plaintiff sought discovery of the officer's post-incident counseling records and the defendants refused on the basis of psychotherapist-patient privilege. The Supreme Court agreed with the defendants and held "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 15; *see also Caver v. City of Trenton*, 192 F.R.D. 154, 163 (D. N.J. 2000) (discussing risk of chilling effect on frankness between patient and psychologist if officer knows his psychological records may be disclosed to the public). Waldron's records are therefore protected by psychotherapist-patient privilege.

### B. Physician-Patient Privilege

Federal common law does not recognize a physician-patient privilege. *Ulrich v. City of Crosby*, 848 F. Supp. 861, 879 n.24 (D. Minn. 1994). Nonetheless, Minnesota's

physician-patient privilege has been recognized "as a matter of comity" when "State law is also implicated." *Ulrich*, 848 F. Supp. at 879 n.24. This court has determined the Complaint implicates state law. *Doc. 27, at 6.* Minnesota's physician-patient privilege provides:

> A licensed physician . . . shall not, without the consent of the patient, be allowed to disclose any information or any opinion based thereon which the professional acquired in attending the patient in a professional capacity, and which was necessary to enable the professional to act in that capacity . . . .

Minn. Stat. § 595.02, subd. 1(d) (2010). Medical records are generally protected from disclosure by this privilege. *State v. Evans*, 756 N.W.2d 854, 872 (2008). And a defendant whose medical condition is not in controversy is entitled to assert the physician-patient privilege to limit discovery into confidential medical records. *Muller*, 534 N.W.2d at 727.

## III. INVESTIGATOR WALDRON HAS NOT WAIVED PRIVILEGE

A party who places his medical condition in controversy is deemed to have waived medical privilege. Minn. R. Civ. P. 35.03; *Muller*, 534 N.W.2d at 726; *Wenninger v. Muesing*, 240 N.W.2d 333 (Minn. 1976). Denial of liability does not constitute waiver of medical privilege or place Investigator Waldron's medical history at issue. *Muller*, 534 N.W.2d at 726; *Knudsen v. Peickert*, 221 N.W.2d 785, 786 n.1 (1974). At best, the privilege has been waived for the chiropractic records obtained by the BCA as part of its criminal investigation. These records have already been produced to Plaintiff as part of the complete BCA file.

Referencing pre-hire evaluations, Plaintiff argues when an officer consults with a therapist understanding the subject matter of the visit may be shared with others there is no privilege. With no factual support, Plaintiff presumes such a visit has occurred. Moreover, Plaintiff has no factual support to establish the LeSueur County Sheriff's Department received records. *See Caver*, 192 F.R.D. at 157 (determining since records were not produced to department they were irrelevant to negligent hiring claim and were protected by privilege); *Barrios-Barrios v. Clipps*, No. 10-837, 2011 WL 4550205, *2-3 (E.D. La. Sept. 29, 2011) (denying motion to compel discovery of pre-employment psychological evaluation because it was not disclosed to department and was protected by privilege). Accordingly, privilege has not been waived.

## CONCLUSION

The privileged information requested by Plaintiff is not relevant to the claims and defenses at issue in this case and is therefore privileged. Plaintiff's request for Investigator Waldron's records should be denied.

IVERSON REUVERS

Dated: May 4, 2012

By_Stephanie A. Angolkar_____
   Jon K. Iverson, #146389
   Jason M. Hiveley, #311546
   Stephanie A. Angolkar, #388336
Attorneys for Defendants
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200