UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mark Steven Heilman, as trustee for the next
of kin of Tyler Mark Heilman,

      Plaintiff,                                 11-cv-1930 (JRT/SER)

v.

Todd Waldron individually, and in his          **REPORT AND**
official capacity as an Investigator for the Le    **RECOMMENDATION**
Sueur County Sheriff's Department, Le
Sueur County Sheriff's Department,

      Defendants.

---

      James R. Behrenbrinker, Beth A. Erickson, Douglas L. Micko, Lawrence P. Schaefer Esqs., Behrenbrinker Law Firm, 400 South Fourth Street, Suite 202, Minneapolis, MN 55415, for Plaintiff.

      Stephanie A. Angolkar, Jason M. Hiveley, Jon K. Iverson, Esqs., Iverson Reuvers, 9321 Ensign Avenue South, Bloomington, Minnesota 55438, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

      This matter is before the Court on Plaintiff's petition ("Petitioner") for distribution of money recovered under Minnesota Statute § 573.02. This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's Motion be granted.

      Based upon all of the files, records and proceeding herein, **IT IS HEREBY RECOMMENDED** that:

1. Based upon the comprehensive settlement and release agreement between the parties, the petition for distribution of money recovered under Minnesota Statute § 573.02, is approved, and Petitioner is authorized to sign all necessary releases and other documents to effectuate the comprehensive settlement between the parties;

2. Defendants and/or their insurers are directed to prepare two settlement checks:

    (a) Settlement Check No. 1 should be made payable to "James R. Behrenbrinker, *Attorney at La*w, IOLTA TRUST Account" in the amount of $525,000.00—to cover all attorneys' fees, costs & disbursements ($325,000.00), and all cash up front for the benefit of next of kin ($200,000.00); and

    (b) Settlement Check No. 2 should be made payable to MetLife Tower Resources Group, Inc., in the amount of $225,000.00 cover the premium for the structured settlement annuities and guaranteed, periodic, payments described in Paragraph Number 7 of the verified petition.

3. The law firms of James R. Behrenbrinker, *Attorney at Law,* and Schaefer Law Firm, LLC are allowed their attorney fees and expenses in the total sum of $325,000.00, in accordance with and pursuant to the terms of the written, contingent fee representation agreement executed by the Petitioner, Mark Steven Heilman, individually and as trustee for the next of kin.

4. The structured settlement is approved. A structured settlement annuity will be placed with Metropolitan Life Insurance Company, which is rated A+ by A.M. Best, with a financial size category of class XV. The total annuity cost is $225,000. The annuity payments are to be made to H.H. as follows: (i) Commencing on August 1, 2024, annual payments for 4 years, (4 payments), guaranteed certain, in the amount of $15,000.00 per year, with the last

guaranteed payment due August 1, 2027; (ii) commencing on June 1, 2024, monthly payments for 31 years and 7 months, (379 payments), guaranteed certain, in the amount of $806.55 per month, with the last guaranteed payment due December 1, 2055; and (iii) guaranteed lump sum payments of $10,000.00 on December 5, 2029 (age 24), of $35,000.00 on December 5, 2033 (age 28), and of $40,000.00 on December 5, 2040 (age 35). The total guaranteed payout for the structured settlement is $450,682.45. The total premium cost for the structured settlement is $225,000.00. The periodic payments will be paid by Metropolitan Life Insurance Company, the annuity issuer, subject to the terms and conditions of the Uniform Qualified Assignment and Settlement Agreement and Release. The assignee, MetLife Tower Resources Group, Inc. is the applicant/owner of the annuity contract.

H.H. shall be entitled to each periodic payment only when the payment becomes due. He shall have no rights to the funding source. He shall have no power to designate the owner of the annuity nor have any right to control or designate the method of investment of the funding medium.

In the event of the death of H.H. prior to all guaranteed periodic payments being paid, beneficiary payments will be paid as follows:

1. To the children of H.H. in equal shares, if he has any;

2. If H.H. has no children, 40% to Mark Steven Heilman, 40% to Debra Ann Voss, and 20% to Abigail Bauleke;

3a. If under scenario 2 Abigail Bauleke is not alive, equally to Mark Steven Heilman and Debra Ann Voss;

3b. If under scenario 2 Mark Steven Heilman is not alive, 80% to Debra Ann Voss and 20% to Abigail Bauleke; and

3c. If under scenario 2 Debra Ann Voss is not alive, 80% to Mark Steven Heilman and 20% to Abigail Bauleke.

The above beneficiary designations may be changed by H.H. once H.H. reaches the age of majority.

The original annuity policy for H.H. will be deposited with the Court Administrator and the policy will be returned to the owner of the policy when: (a) H.H. reaches the age of majority; (b) the terms of the policy have been fully performed; or (c) H.H. dies, whichever occurs first.

All sums set forth constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Dated: November 30, 2012                     *s/ Steven E. Rau*
                                             STEVEN E. RAU
                                             United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **December 14, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.